# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

VICTORIA DOBBINS,

    Plaintiff,

v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 16-1789
DAR

## MEMORANDUM OPINION

Plaintiff Victoria Dobbins brings this action to recover attorneys' fees and costs associated with an administrative proceeding conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. Complaint (ECF No. 1) ¶ 4. This case initially was referred to the undersigned for full case management. 09/13/2016 Docket Entry. Upon the consent of the parties, the case subsequently was reassigned to the undersigned for all purposes. *See* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (ECF Nos. 12, 13); 04/07/2017 Docket Entry.

Currently pending for determination are Plaintiff's Motion for Summary Judgment (ECF No. 6) and Defendant's Cross Motion for Summary Judgment (ECF No. 8).[1] Upon consideration of the motions, the memoranda in support thereof, and in opposition thereto, and the entire record herein, the court will grant Plaintiff's motion, and deny Defendant's motion.

---

[1] Although styled as a motion and cross-motion for summary judgment, the traditional summary judgment standard is not applicable. *See Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) ("Although the plaintiffs seek attorneys' fees in a motion for summary judgment, the typical summary judgment standard is inapplicable here[.]") (quoting *Gardill v. District of Columbia*, 930 F. Supp. 2d 35, 37 n.1 (D.D.C. 2013)). Indeed, the court directed the parties to brief the issue consistent with such titles. *See* 10/19/2016 Minute Order. Accordingly, the court will treat Plaintiff's motion as a motion for attorneys' fees and costs, and will treat Defendant's cross motion as an opposition to Plaintiff's motion for attorneys' fees and costs.

**BACKGROUND**

Plaintiff is the parent of A.D., a minor student residing in the District of Columbia who is eligible to receive special education and related services. *See* Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Memorandum") (ECF No. 6-2) at 1–2. Plaintiff filed an administrative due process complaint against the District of Columbia Public Schools ("DCPS"), in which she alleged that DCPS had failed to provide A.D. with a free appropriate public education ("FAPE") by not offering A.D. "an appropriate Individualized Education Plan (IEP) and a full-time residential placement, as well as by failing to comply with the IDEA's procedural requirements." Hearing Officer Determination (ECF No. 6-4) at 1. The hearing officer found that A.D. "was denied a FAPE by DCPS' June 18, 2014 IEP, which was not reasonably calculated to confer educational benefits[.]" *Id*. at 21. As relief, the hearing officer ordered that DCPS revise A.D.'s IEP in accordance with the prescribed timetable, and fund a full-time residential program. *Id*. at 21-28. Additionally, the hearing officer provided that his order "is without prejudice to Petitioner's right, if any, to seek compensatory education relief hereafter for DCPS' failure to timely evaluate [A.D.] for special education eligibility following the parent's November 2013 referral[.]" *Id*. at 28.

Following the hearing officer's determination, Plaintiff commenced the instant action, seeking a total of $93,329.72 in attorneys' fees and costs incurred during the underlying administrative proceedings. *See* Proposed Order (ECF No. 6-3). The total is apportioned between two attorneys: Alana Hecht., Esq. of D.C. Disability Law Group, PC, who represented Plaintiff from November 2013 through May 2014, and Elizabeth Jester, Esq. of the firm Jester and Williams, "which stepped in where Ms. Hecht left off and enforced Plaintiff's right [to] a FAPE for her child as guaranteed by IDEA." Plaintiff's Memorandum at 2. Ms. Jester, who filed the

pending motion for attorneys' fees, submits that "[e]nforcement of Plaintiff's IDEA rights [was] accomplished by means of a successful administrative proceeding brought pursuant to IDEA[,]" and that "Plaintiff was the prevailing party and found to be entitled to specific special education services that DCPS had failed or refused to provide." *Id.*

## CONTENTIONS OF THE PARTIES

Plaintiff asserts that she was the prevailing party in a complex administrative proceeding brought pursuant to IDEA, and therefore is entitled to an award of reasonable attorneys' fees and costs in accordance with the applicable authorities. *See* Plaintiff's Memorandum at 3. Plaintiff contends that both the number of hours claimed by Plaintiff's counsel, as well as the hourly rates claimed, are reasonable. *Id.* at 4-6. More specifically, Plaintiff submits that her attorneys' billing practices; skills, experiences, and reputations; and the prevailing market rate in the community all support her request for an award of fees at counsel's (and the associated paralegal's) so-called *Laffey* billing rates. *Id.; see also id. at 7-16, 17-18.* Plaintiff also submits that the costs claimed are reasonable. *Id.* at 17.

Defendant does not contest Plaintiff's status as a prevailing party; nor does Defendant suggest that the number of hours claimed by Plaintiff is unreasonable. Rather, Defendant opposes an award in the amount sought on the grounds that (1) the "the proposed hourly rates for both Plaintiff's attorneys and Plaintiff's paralegals are unreasonable and Plaintiff offers an insufficient factual basis to support these rates; and (2) Plaintiff's invoices have several entries which are not reimbursable under the IDEA." Memorandum of Points and Authorities in Support of Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment ("Defendant's Opposition") (ECF No. 7) at 1. Defendant characterizes Plaintiff's reliance upon the so-called *Laffey* Matrix as "misplaced[,]" *id.* at 7, and proposes that the court should either

deny Plaintiff's motion, *see id*. at 12, or alternatively, award fees at rates of no more than 75% of the applicable *Laffey* Matrix rates, *see id*. at 10-13, 15-17. Additionally, Defendant claims that any time related to attorney travel should be awarded at 50% of the appropriate hourly rate, and that any travel expenses from counsel's office in Great Falls, Virginia should be excluded from the fee award. *Id*. at 13–14. Applying this formula, Defendant submits that the award of attorneys' fees should not exceed $7,664.41 for the services of Ms. Hecht, and $64,109.95 for the services of Ms. Jester. *Id*. at 17.

Finally, Defendant argues that the costs claimed by Plaintiff for photocopying and faxing should be reduced to "customary" rates. *Id*. at 15.

Plaintiff, in her reply, states that her counsel "is willing to accept as reasonable in this case Defendant's proposal that compensation for travel time be at 50% of her hourly rate." Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Plaintiff's Reply") (ECF No. 10) at 4. Plaintiff disputes Defendant's contention that the costs requested are unreasonable. *Id*. at 5-6.

**APPLICABLE STANDARD OF REVIEW**

In actions for attorneys' fees that are brought pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). In evaluating such a request, the court must first determine "whether the party seeking attorney's fees is the prevailing party," and if so, must then evaluate whether the requested fees are reasonable. *Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) (citing *Staton v. District of Columbia*, No. 13-773, 2014 WL 2700894, at *3 (D.D.C. June 11, 2014), *adopted by* 2014 WL 2959017 (D.D.C. July 2, 2014); *Douglas v. District of Columbia*, 67 F. Supp. 3d 36, 39–41 (D.D.C. 2014)).

As this Circuit has recently observed, "[t]he IDEA provides no further guidance for determining an appropriate fee award." *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015). Thus, the common mechanism for the determination of a reasonable award is generally "the number of hours reasonably expended" multiplied by a reasonable hourly rate. *Wood*, 72 F. Supp. 3d at 18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party requesting fees bears the burden of demonstrating the reasonableness of the hours expended, and "may satisfy this burden by submitting an invoice that is sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Id.* (citing *Hensley*, 461 U.S. at 433).

The party requesting fees "also bears the burden of establishing the reasonableness of the hourly rate sought," and in doing so, "must submit evidence on at least three fronts: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Id.* at 18–19 (internal quotation marks omitted) (citing *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995)). If the party requesting fees satisfies its burden, "there is a presumption that the number of hours billed and the hourly rates are reasonable," and "the burden then shifts to the [opposing party] to rebut" this presumption. *Id.* (citations and internal quotation marks omitted).

In this jurisdiction, the *Laffey* Matrix serves as the commonly accepted benchmark for determining the prevailing market rates for attorneys' fees in complex federal court litigation. *See Eley*, 793 F.3d at 100. "The prevailing market rate provides merely a starting point for determining the reasonableness of a billing rate . . . . The fee applicant should also submit evidence, including affidavits, regarding her counsel's general billing practices, skill, experience and reputation." *Wood*, 72 F. Supp. 3d at 21 (quoting *Baker v. District of Columbia Pub. Sch.*, 815 F.

Supp. 2d 102, 114 (D.D.C. 2011)) (citations omitted) (internal quotation marks and alterations omitted).

Another judge of this Court has also noted that IDEA cases "take a variety of litigation paths" and cannot be dismissed as "categorically routine or simple." *Sweatt v. District of Columbia*, 82 F. Supp. 3d 454, 459 (D.D.C. 2015) (internal quotation marks omitted).[3] Some judges in this District "ha[ve] rejected the suggestion that IDEA administrative litigation is categorically less complex than other forms of litigation, and reaffirm[ed] that IDEA cases are sufficiently complex to allow application of the *Laffey* Matrix." *Id*. (internal quotation marks omitted). Moreover, "[s]ince an attorney's total fee award is determined by multiplying the number of hours expended by the hourly rate, reducing the *Laffey* rates to reflect the brevity of the case improperly accounts for the length of the proceedings twice." *Id*. Thus, "[t]he complexity of the case is accounted for by the number of hours expended and should not be accounted for by a blunt reduction of rates before applying the rates to the number of hours expended." *Id*.

While the Circuit thus far has declined to categorically decide "whether IDEA litigation is in fact sufficiently 'complex' to use [some version of the *Laffey* Matrix][,]" it has criticized the mechanical application of the proposition "that IDEA cases, as a subset of civil rights litigation, fail to qualify as 'complex' federal litigation." *Eley*, 793 F.3d at 105. In a concurring opinion, a member of the *Eley* panel wrote that "I would simply add that, in my view, the United States

---

[3] By way of illustration, the court has observed that "IDEA cases require 'testimony from education experts regarding whether a student has been denied a free and public education,' . . . and plaintiffs' counsel must 'understand the bureaucratic workings of [DCPS] . . . and . . . become conversant with a wide range of disabling cognitive, emotional, and language-based disorders and the corresponding therapeutic and educational approaches.'" *Sweatt*, 82 F. Supp. 3d at 460 (citations omitted).

Attorney's Office *Laffey* matrix is appropriate for IDEA cases." *Id.* at 105 (Kavanaugh, J., concurring).[4]

**DISCUSSION**

*Reasonable Rates*

As Defendant does not dispute the number of hours claimed, the sole issue to be determined is a reasonable billing rate. This court has held, as recently as six months ago, has awarded fees at the applicable *Laffey* rates, and, incorporating herein the rationale previously articulated, does so here. *See Daniels v. District of Columbia*, Civil Action No. 14-665, 2017 WL 1154948, at *5 (D.D.C. March 27, 2017).[5] This court knows of no reason warranting reconsideration of this determination.

The burden thus "shifts to the District to 'provide specific contrary evidence tending to show that a lower rate would be appropriate." *Wimbish v. District of Columbia*, Civil Action Nos. 15-1429, 15-2182, 2017 WL 1743497, at *4 (D.D.C. May 3, 2017) (citation and internal quotation marks omitted). The court finds that Defendant has failed to carry such burden, as the court has found the bare claim that 75% of the *Laffey* rate is warranted to be insufficient. Daniels, 2017 WL 1154948, at *6 ("[T]he undersigned has rejected the proposition that an award of fees to a prevailing party in an IDEA action must be confined to a rate of no more than three-quarters of the applicable *Laffey* Matrix rates[.]"); *see also Wimbish*, 2017 WL 1154948, at *4 (The District's

---

[4] In December, 2016, a different panel of the Circuit affirmed a District Court judge's exercise of discretion to award fees to an IDEA prevailing party at three-quarters of counsel's *Laffey* rates. *See Reed v. District of Columbia*, 843 F.3d 517, 522, 524–25 (D.C. Cir. 2016). However, as that panel of the Circuit neither overturned *Eley*, nor held that IDEA litigation, categorically, is not complex federal litigation, the court concludes that *Reed* is limited to its facts.

[5] The court has no occasion to address Plaintiff's argument that Defendant's delay in making any payment warrants an award of fees at her *Laffey* rates.

citation [exclusively]to . . . cases fails to meet its rebuttal burden of putting on 'equally specific countervailing evidence.'") (citation omitted).

Accordingly, the court finds that the reasonable billing rates are the claimed *Laffey* Matrix rates.[6]

### *Allowable Costs*

Upon consideration of the arguments of the parties in the context of the applicable authorities, the undersigned will, for the reasons offered by Defendant, *see* Defendant's Opposition at 14-15, award costs in an amount calculated in accordance with the formulas proposed by Defendant.

## CONCLUSION

For the foregoing reasons, the court will grant Plaintiff's motion and award fees at the *Laffey* rates of counsel and the paralegal, except with respect to entries as to which counsel has agreed to accept one-half of her *Laffey* rate. The court will award costs calculated in accordance with the formula proposed by Defendant.

An appropriate Order accompanies this Memorandum Opinion.

September 29, 2017

DEBORAH A. ROBINSON
United States Magistrate Judge

---

[6] Defendant does not suggest that the *Laffey* rates for either lawyer, or for the paralegal, has been miscalculated.